**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-16-2145 |
| PROGRESS PLACE and MONTGOMERY COUNTY | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned complaint was filed on June 16, 2016, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because Plaintiff appears to be indigent, the motion shall be granted.

The complaint, as best the court can discern, concerns a homeless shelter's placing a "no trespass" order against Plaintiff. He invokes this court's federal question jurisdiction stating:

> Federal Question:
> Under 15th amendment;
>
> Could Progress Place as extension of State; by Exemption of Taxes; as none profit; as task belong to State under General Welfare; but allowed entity to achieve, excludes religion, time barred by 1791 ratification of first amendment shall not establish in that religion legally lawfully could not establish unto Plaintiff; invoke trespass for limited time without probable cause; without show of good cause; and without court order to Plaintiff?

*Id.*, p. 2.

In further support of his complaint, Plaintiff states:

> Because Plaintiff is citizen of State of Maryland through resident of Montgomery County allows Plaintiff to be a client to a shelter operated by County; which makes any products and services offered by County is entitlement; i.e. matter by right; e.g. given choice to opt in or opt out; not mandate; which allows proceed without option to opt out; since Plaintiff is homeless;

> Progress Place is none profit organization; not a church or religion organization; if so it would violate first amendment; shall not establish enacted in 1791; no religion can establish beyond that date; via first amendment; religion could not establish unto Plaintiff through Progress Place et al; which would make Progress Place unconstitutional, the trespass notice would violates first amendment; if it is invoked under religion.  Then the matter comes to halt effective immediately. Because during any legal proceeding when revelation makes raised issue from incident makes officially established subject matter moot; then the legal proceeding must stop; because the raised issue became moot; therefore, there are no incidents;
>
> Therefore, it could not be religion establishment.  Having said that; which means its extension of State; as extension of State;
>
> Plaintiff had legal right to access its facility; but it issued no trespass without court adjudication; or State or county legislative body enactment; and it could not have been act of religion since religion to legally act unto Plaintiff has been time barred by 1791 ratification of shall not establish; first amendment;
>
> Its unilaterally create rules without compelling reasons or its enumeration via right to know law; McBoyle v. US 1931; if will of Congress is to call airplane surface going vehicle; then it should be made known far and wide;
>
> The rules applied were; shall safe keep car keys out of fear of someone copying it; January 6th 2016; shall invoke shall not trespass; is not made known far and wide; nor all rules must have intent scope and purpose; were not made known,
>
> Progress Place is extension of State; in that it is lawful under its 4 prong test; when task is inherently state's responsibility but has assigned to particular entity; is one; that applies here; which makes Progress Place extension of State therefore, first amendment violation does apply; therefore, the progress place's assertion it has right to invoke any rule it see fit are unconstitutional.  It could not have invoked no trespass; under lawful circumstances, as extension of State.
>
> Because all laws must have purpose scope and intent; the invocation of trespass lacked it.

*Id.,* pp. 3-4.

Plaintiff seeks damages in the amount of "164 days 250.000 dollars allowed by law; 41 million dollars; and punitive damage of 100 times; 4.1 billion dollars; total of 4.141 billion dollars." *Id.*, p. 4.

2

Pursuant to 28 U.S.C. § 1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty.*, S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

August 4, 2016  _____/s/_____
                                                         DEBORAH K. CHASANOW
                                                         United States District Judge